IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Allen D. Bishop, III and Marcellus Murray : | |
| : | Case No. 20-cv-3052; 19-cv-5050 |
| **Plaintiff(s)**, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Kimberly A. Jolson |
| Coulter Ventures, LLC DBA Rogue Fitness, *et al.*, : | |
| : | |
| **Defendants**. : | |

## **OPINION & ORDER**

### I.      INTRODUCTION

This matter is before the Court on Defendant's Unopposed Motion to Consolidate. (ECF No. 9). Specifically, the Motion moves to consolidate this matter with the lawsuit captioned *Scott Lee Braun v. Coulter Ventures, LLC DBA Rogue Fitness, et al.*, Case No. 2:19-cv-05050-GCS-KAJ (S.D. Ohio) ("the *Braun* lawsuit"). The *Braun* lawsuit is also pending before this Court. For the reasons set forth below, this Court **GRANTS** Defendant's Unopposed Motion to Consolidate. (ECF No. 9).

### II.      BACKGROUND

On June 15, 2020, Plaintiffs Allen Bishop and Marcellus Murray filed their Complaint in this action against Defendants Coulter Ventures, LLC, dba Rogue Fitness, and its owners and head managers, William Henniger and Caity Matter Henniger, alleging unlawful retaliation related to their opting-in to the *Braun* lawsuit, in violation of the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Constitution. (ECF No. 1, ¶¶ 1, 10, 62).

In the *Braun* lawsuit, plaintiffs, including Plaintiffs Bishop and Murray here, brought a collective and class action against defendants for monetary, declaratory, and injunctive relief due to an alleged failure to compensate employees for all hours worked and the correct amount of overtime pay in violation of the FLSA, the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), committed by only paying their non-exempt warehouse employees for the scheduled time they worked and not for tasks necessary to their primary job duties performed before and after their schedule. *Braun v.*, Case No. 2:19-cv-05050 (ECF Nos. 1, 10, 44).

Defendants Coulter Ventures, William Henniger, and Caity Matter Henniger now move for consolidation of this action with the *Braun* lawsuit. Plaintiffs do not oppose this Motion.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. There need not be a "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs*, LLC, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). If the conservation of judicial resources achieved through consolidation "[is] slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

## IV.     LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*. For example, consolidation may be found when some common questions of fact and analysis of the complaints indicate that the legal issues are almost identical. *See Brewer v. Republic Steel Corp.*, 64 F.R.D. 591, 594 (N.D. Ohio 1974), *aff'd*, 513 F.2d 1222 (6th Cir. 1975).

The instant lawsuit and the *Braun* case involve some of the same parties: Plaintiffs in the instant case, Mr. Bishop and Mr. Murray, are also plaintiffs in the *Braun* lawsuit. The Defendants in the instant case are the same ones as in the *Braun* lawsuit, i.e., Coulter Ventures, Mr. Henniger, and Ms. Henniger. In addition, the actions arise out of similar, though not identical, underlying series of events. As discussed above, the *Braun* lawsuit plaintiffs brought a collective and class action against defendants for monetary, declaratory, and injunctive relief due to an alleged failure to compensate employees for all hours worked and the correct amount of overtime pay in violation of the FLSA, the Ohio Wage Act, and the Ohio Prompt Pay Act. The instant case emerges out of the anti-retaliation provisions of the FLSA and the Ohio Constitution, and Plaintiffs seek economic, compensatory, and punitive damages, as well as declaratory and injunctive relief after Defendants allegedly demoted or terminated Plaintiffs after opting into the *Bruan* lawsuit.

There is significant overlap in law and fact between the instant lawsuit and the *Braun* lawsuit, which strongly supports consolidation.

3

With these considerations in mind, the Court turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation or the risk of inconsistent adjudications. Where there are common issues of law or fact, courts must then balance the benefit of expedience and judicial resources against prejudice and jury confusion that may be caused by consolidation. *Cantrell*, 999 F.2d at 1011. Factors that may cause prejudice and jury confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Kentucky Apr. 28 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id.* at *2; *see also May v. U.S.*, 515 F. Supp. 600, 604 (S.D. Ohio 1981). Courts should be particularly cautious, however, when considering consolidation for complex cases with complex issues in a case that will be tried to a jury. *Organic Chemicals*, *Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 469–70 (W.D.Mich.1980) ("[I]n complex cases with complex issues, justice is often best served if issues are separated." (citing *Warner v. Rossignol*, 513 F.2d 678 (1st Cir. 1975)).

The *Braun* lawsuit is already pending before this Court. Consolidation of the instant lawsuit with the *Braun* lawsuit will be the most efficient method of adjudicating these related matters. Conducting discovery in a single case will also facilitate expediency.

## V. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendant's Unopposed Motion to Consolidate. (ECF No. 9). Thus, the instant lawsuit is hereby consolidated with the lawsuit

Case: 2:20-cv-03052-ALM-KAJ Doc #: 15 Filed: 01/19/21 Page: 5 of 5 PAGEID #: 68

captioned *Scott Lee Braun v. Coulter Ventures, LLC DBA Rogue Fitness, et al.*, Case No. 2:19-cv-05050-GCS-KAJ (S.D. Ohio)

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 19, 2021**